KALPANA SRINIVASAN (S.B. #237460)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com

BARRY BARNETT (Pro Hac Vice)
SUSMAN GODFREY L.L.P.
901 Main Street, Suite 5100
Dallas, Texas 75202
Telephone: 214-754-1900
Facsimile: 214-754-1933
bbarnett@susmangodfrey.com

MAX L. TRIBBLE, JR. (Pro Hac Vice)
JOSEPH S. GRINSTEIN (Pro Hac Vice)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002
Telephone: 713-651-9366
Facsimile: 713-654-6666
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com

PATRICK C. BAGEANT (Pro Hac Vice)
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Telephone: 206-516-3880
Facsimile: 206-516-3883
pbageant@susmangodfrey.com

*Attorneys for Plaintiff*
*AMERICAN NAVIGATION SYSTEMS, INC.*

*[Additional Counsel listed on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN NAVIGATION SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, <br><br> Defendants. | Case No. 3:14-cv-05298-JST <br><br> **STIPULATED PROTECTIVE ORDER** |

Plaintiff American Navigation Systems, Inc. ("Plaintiff") and Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Defendants") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case. Accordingly, they stipulate to the following Protective Order, which sets forth the conditions for treating, obtaining, and using such information.

1. **PURPOSES AND LIMITATIONS**

(a)     Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2. **DEFINITIONS**

(a)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case. "Discovery Material" does not include information, documents, or other materials that a receiving party knew or possessed before a Producing Party disclosed or produced it in discovery.

(b)     "Outside Counsel" means (i) outside counsel who have entered a notice of appearance as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c) "Patents-in-suit" means U.S. Patent No. 5,902,347, and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d) "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e) "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order. Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(g) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h) "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

3.     **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

4.     **SCOPE**

(a) The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose,.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.     **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function, except as authorized herein. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)     Patent Prosecution Bar.  Absent the written consent of the Producing Party, any person on behalf of the Plaintiff who receives one or more items designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" by a Defendant shall not be involved, directly or indirectly, in any of the following activities: (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of GPS navigation systems (generally or as described in any patent in suit), before any foreign or domestic agency, including the United States Patent and

STIPULATED PROTECTIVE ORDER
NO. 3:14-CV-05298-JST

Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of GPS navigation systems (generally or as described in the Patents-in-Suit). These prohibitions are not intended to and shall not preclude counsel from participating in proceedings on behalf of a Party challenging the validity of any patent, and nothing in this paragraph shall prevent any attorney from sending prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Notwithstanding the foregoing, this paragraph shall not prohibit any employee or attorney for a Party from assisting in any reexamination, inter partes review, covered business method review, or reissue proceedings of the Patents-in-Suit, any patents within the same patent family as a Patent-in-Suit, or any patents to which a Patent-in-Suit claims priority if the reexamination, inter partes review, covered business method review, or reissue proceedings do not seek to amend or add patent claims. These prohibitions shall begin when access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end one (1) year after the final resolution of this action, including all appeals. The provisions of this Paragraph relate to individuals, and do not run to an attorney's entire law firm. In other words, an attorney shall be subject to the prosecution bar if that attorney receives or has access to documents that trigger the prosecution bar, but other attorneys in that attorney's law firm who have not received or had access to such documents and who have not discussed the prosecution of the patents-in-suit with an individual subject to the prosecution bar will not themselves be subject to the prosecution bar.

(c)     <u>Secure Storage, No Export</u>.     Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(d)     <u>Legal Advice Based on Protected Material</u>.     Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case

based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)   <u>Limitations</u>.   Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.   Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

## 7.   **DESIGNATING PROTECTED MATERIAL**

(a)   <u>Available Designations</u>.   Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

(b)   <u>Written Discovery and Documents and Tangible Things</u>.   Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.   For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.   In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c)   <u>Native Files</u>.   Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under

this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.  When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to paragraph 12, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  No one shall seek to use in this litigation a .tiff, .pdf or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

(d)     <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the final transcript of the testimony.   If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, before thirty (30) days after receipt of the final transcript may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within the earlier of (1) thirty (30) days of receipt of the final transcript, or (2) fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition

testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

8. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)     A   Producing   Party   may   designate   Discovery   Material   as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information that would cause substantial harm to a business or person if disseminated publicly.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Directors, officers, and employees of a party to this action, or any witness in this action,;

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the

Protective Order by signing a copy of Appendix A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party;; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below.

(iv)   Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)   The Court, jury, and court personnel;

(vi)   Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A;

(vii)   Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)   Any other person with the prior written consent of the Producing Party.

9.   **<u>DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>**

(a)   A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.   The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information,

sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)      Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)      The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)      Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party;; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)      Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)      The Court, jury, and court personnel;

(v)      Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A;

1   (vi)   Mock jurors who have signed an undertaking or agreement agreeing

2   not to publicly disclose Protected Material and to keep any information concerning Protected

3   Material confidential;

4   (vii)   Any mediator who is assigned to hear this matter, and his or her

5   staff, subject to their agreement to maintain confidentiality to the same degree as required by this

6   Protective Order; and

7   (viii)   Any other person with the prior written consent of the Producing

8   Party.

9   10.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL –**

10   **OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

11   (a)   To the extent production of Source Code becomes necessary to the

12   prosecution or defense of the case, a Producing Party may designate Source Code as

13   "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it

14   comprises or includes confidential, proprietary, and/or trade secret Source Code.

15   (b)   Nothing in this Order shall be construed as a representation or admission

16   that Source Code is properly discoverable in this action, or to obligate any Party to produce any

17   Source Code.

18   (c)   Unless otherwise ordered by the Court, Discovery Material designated as

19   "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be

20   subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to

21   Paragraph 11 below, solely to:

22   (i)   The Receiving Party's Outside Counsel, provided that such Outside

23   Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*,

24   730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and

25   such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation

26   support services working at the direction of such counsel, paralegals, and staff;

27   (ii)   Any outside expert or consultant retained by the Receiving Party to

28   assist in this action, provided that disclosure is only to the extent necessary to perform such work;

1    and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the

2    Protective Order by signing a copy of Appendix A; (b) such expert or consultant is not a current

3    officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time

4    of retention to become an officer, director or employee of a Party or of a competitor of a Party;

5    (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S.*

6    *Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a

7    competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice

8    has been given to all Parties as set forth in Paragraph 12 below;

9                   (iii)    Court reporters, stenographers and videographers retained to record

10   testimony taken in this action;

11                  (iv)    The Court, jury, and court personnel;

12                  (v)    Any mediator who is assigned to hear this matter, and his or her

13   staff, subject to their agreement to maintain confidentiality to the same degree as required by this

14   Protective Order; and

15                  (vi)    Any other person with the prior written consent of the Producing

16   Party.

17        11.    **DISCLOSURE AND REVIEW OF SOURCE CODE**

18        (a)    Any Source Code that is produced by Plaintiff shall be made available for

19   inspection in electronic format at the Seattle office of its outside counsel, Susman Godfrey, LLP,

20   or any other location mutually agreed by the Parties.  Any Source Code that is produced by

21   Defendant will be made available for inspection at the San Francisco office of its outside counsel,

22   Covington & Burling LLP, or any other location mutually agreed by the Parties.  Source Code

23   will be made available for inspection between the hours of 8 a.m. and 6 p.m. on business days

24   (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in

25   accommodating reasonable requests to conduct inspections at other times.

26        (b)    Prior to the first inspection of any requested Source Code, the Receiving

27   Party shall provide ten (10) business days' notice of the Source Code that it wishes to inspect.

28

The Receiving Party shall provide five (5) business days' notice prior to any additional inspections.

        (c)     Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

        (i)     All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer by the Producing Party, provided, however, that (a) the Producing Party approves such software tools; and (b) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.

        (ii)     No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room, except one laptop with internet access and camera disabled, provided that such a laptop is used solely for taking notes in a manner consistent with this Order.

        (iii)     The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

1    (iv)    The Producing Party may visually monitor the activities of the

2    Receiving Party's representatives during any Source Code review, but only to ensure that no

3    unauthorized electronic records of the Source Code and no information concerning the Source

4    Code are being created or transmitted in any way.

5    (v)    No copies of all or any portion of the Source Code may leave the

6    room in which the Source Code is inspected except as otherwise provided herein.  Further, no

7    other written or electronic record of the Source Code is permitted except as otherwise provided

8    herein.  The Producing Party shall make available a laser printer with commercially reasonable

9    printing speeds for on-site printing during inspection of the Source Code.  The Receiving Party

10   may print limited portions of the Source Code only when reasonably necessary in connection with

11   this litigation.  Any printed portion that consists of more than ten (10) pages of a continuous

12   block of Source Code, or that results in more than 100 pages of Source Code to be printed in total

13   by the Receiving Party, shall be presumed to be excessive, and the burden shall be on the

14   Receiving Party to demonstrate the need for such a printed copy.  In the event that the Receiving

15   Party believes that printing more than 100 pages total is reasonably necessary in connection with

16   a permitted purpose as outlined in this paragraph, the Parties will negotiate in good faith to

17   resolve this issue.  If the Parties are unable to do so, the Receiving Party may seek relief from the

18   Court.  The Receiving Party shall not print Source Code in order to review blocks of Source Code

19   elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically

20   on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the

21   protections herein would be frustrated by printing portions of code for review and analysis

22   elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings

23   or other papers (including a testifying expert's expert report).  Upon printing any such portions of

24   Source Code, the printed pages shall be collected by the Producing Party.  The Producing Party

25   shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

26   ONLY - SOURCE CODE" any pages printed by the Receiving Party.  Within two (2) business

27   days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving

28   Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive

STIPULATED PROTECTIVE ORDER
NO. 3:14-CV-05298-JST

and/or not done for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(vi)   All persons who will review a Producing Party's Source Code on behalf of a Receiving Party shall be identified in writing to the Producing Party at least five (5) business days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order. All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart. The Producing Party shall be entitled to a copy of the log upon two (2) business days' advance notice to the Receiving Party.

(vii)   Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(viii)   Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including,

without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(ix)   The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(c)(v), not including copies attached to court filings or used at depositions

(x)   The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code.

(xi)   Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  All paper copies of Source Code brought to the deposition shall remain with the Producing Party's counsel or Receiving Party's counsel following the deposition.

(xii)   Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, such Source Code will not be filed except (1) under seal or (2) with agreement from the Producing Party that alternative confidentiality protections will be adequate.  If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a

Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  Additionally, any such electronic copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

12.    **NOTICE OF DISCLOSURE**

(a)     Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(iii) or 10(c)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i) the name of the Person;

(ii) an up-to-date curriculum vitae of the Person;

(iii) the present employer and title of the Person;

(iv) an identification of all of the Person's past and current employment and consulting relationships for the prior three (3) years, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of GPS navigation systems, or relating to the acquisition of intellectual property assets relating to GPS navigation systems;

(v) an identification by application or serial number of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(vi) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

Further, the Party seeking to disclose Protected Material shall provide such other information

regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.

(b)     Within eight (8) business days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the eight (8) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this eight (8) day period.  If the Producing Party objects to disclosure to the Person within such eight (8) day period, the Parties shall meet and confer via telephone or in person within three (3) business days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have three (3) business days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Appendix A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 12 shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within two (2) business days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have two (2) business days from the date of the meet and confer to seek relief from the Court.  The designated

STIPULATED PROTECTIVE ORDER
NO. 3:14-CV-05298-JST

1   Person may continue to have access to information that was provided to such Person prior to the
2   date of the objection.

3       13.   **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

4           (a)   A Party shall not be obligated to challenge the propriety of any designation
5   of Discovery Material under this Order at the time the designation is made, and a failure to do so
6   shall not preclude a subsequent challenge thereto.

7           (b)   Any challenge to a designation of Discovery Material under this Order
8   shall be written, shall be served on outside counsel for the Producing Party, shall particularly
9   identify the documents or information that the Receiving Party contends should be differently
10  designated, and shall state the grounds for the objection.  Thereafter, further protection of such
11  material shall be resolved in accordance with the following procedures:

12          (i)   The objecting Party shall have the burden of conferring either in
13  person or by telephone with the Producing Party claiming protection (as well as any other
14  interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the
15  burden of justifying the disputed designation;

16          (ii)   Failing agreement, the Receiving Party may bring a motion to the
17  Court for a ruling that the Discovery Material in question is not entitled to the status and
18  protection of the Producing Party's designation.  The Parties' entry into this Order shall not
19  preclude or prejudice either Party from arguing for or against any designation, establish any
20  presumption that a particular designation is valid, or alter the burden of proof that would
21  otherwise apply in a dispute over discovery or disclosure of information;

22          (iii)   Notwithstanding any challenge to a designation, the Discovery
23  Material in question shall continue to be treated as designated under this Order until one of the
24  following occurs: (a) the Party who designated the Discovery Material in question withdraws
25  such designation in writing; or (b) the Court rules that the Discovery Material in question is not
26  entitled to the designation.

27

28

14.    **SUBPOENAS OR COURT ORDERS**

(a)    If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

15.    **FILING PROTECTED MATERIAL**

(a)    Absent written permission from the Producing Party, a sealed filing pursuant to the Local Rules of the United States District Court for the Northern District of California, or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)    Any Party is authorized under Local Rule 1.09 to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order. No party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.  However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

16.    **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)    Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.  Pursuant to Fed. R. Evid. 502(d), the production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection in this case or in any other federal or state proceeding.  For example, the mere production of privilege or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding.  A producing party may assert privilege or protection over produced documents

at any time by notifying the receiving party in writing of the assertion of privilege or protection, provided that the waiver was not intentional and the waiver was not based on a failure to assert privilege at deposition or using the disclosed documents as exhibits for briefings or at trial.

(b)     Upon a request from any Producing Party who has produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

17.    **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within three (3) business days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within three (3) business days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order.  Once a Receiving Party has received notification of

the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

18.     **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

19.     **FINAL DISPOSITION**

(a)     Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material,

outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return or destroy any correspondence, and consultant work product that contain Source Code.

20. **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)     Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case.  Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(b)     Discovery of materials provided to testifying experts shall be limited to those materials set forth in the Federal Rules of Civil Procedure.

(c)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 20(a)–(b) shall be treated as attorney-work product for the purposes of this litigation and Order.

(d)     Nothing in Protective Order, including Paragraphs 20(a)–(b), shall alter or change in any way the requirements in Paragraph 11 regarding Source Code, and Paragraph 11 shall control in the event of any conflict.

21. **MISCELLANEOUS**

(a)     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     Termination of Matter and Retention of Jurisdiction.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal

representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order.   All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

(f)     <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Northern District of California, or the Court's own orders.

1      **IT IS SO STIPULATED.**

2      Dated:    February 25, 2015                    Dated:    February 25, 2015

3

4      By: __/s/ Barry Barnett_____                 By: __/s/ David Almeling_____

5      KALPANA SRINIVASAN (S.B. #237460)              MICHAEL K. PLIMACK (S.B. #133869)
       SUSMAN GODFREY L.L.P.                          mplimack@cov.com
6      1901 Avenue of the Stars, Suite 950            CHRISTINE S. HASKETT (S.B. #188053)
       Los Angeles, California 90067-6029             chaskett@cov.com
7      Telephone: (310) 789-3100                      COVINGTON & BURLING LLP
       Facsimile: (310) 789-3150                      One Front Street
8      ksrinivasan@susmangodfrey.com                  San Francisco, CA 94111
                                                      Ph: (415) 591-6000
9      BARRY BARNETT (Pro Hac Vice)                   Fax: (415) 591-6091
       SUSMAN GODFREY L.L.P.
10     901 Main Street, Suite 5100                    DARIN W. SNYDER (S.B. #136003)
       Dallas, Texas 75202                            dsnyder@omm.com
11     Telephone: 214-754-1900                        DAVID ALMELING (S.B. #235449)
       Facsimile: 214-754-1933                        dalmeling@omm.com
12     bbarnett@susmangodfrey.com                     MARK LIANG (S.B. #278487)
                                                      mliang@omm.com
13     MAX L. TRIBBLE, JR. (Pro Hac Vice)             O'MELVENY & MYERS LLP
       JOSEPH S. GRINSTEIN (Pro Hac Vice)             Two Embarcadero Center, 28th Floor
14     SUSMAN GODFREY L.L.P.                          San Francisco, California  94111-3823
       1000 Louisiana, Suite 5100                     Tel: (415) 984-8700  Fax: (415) 984-8701
15     Houston, Texas 77002
       Telephone: 713-651-9366                        MISHIMA ALAM (S.B. #271621)
16     Facsimile: 713-654-6666                        malam@omm.com
       mtribble@susmangodfrey.com                     O'MELVENY & MYERS LLP
17     jgrinstein@susmangodfrey.com                   1625 Eye Street, NW
                                                      Washington, DC  20006
18     PATRICK C. BAGEANT (Pro Hac Vice)              Tel: (202) 383-5300  Fax: (202) 383-5414
       SUSMAN GODFREY L.L.P.
19     1201 Third Avenue, Suite 3800                  *Attorneys for Defendants*
       Seattle, WA 98101-3000                         *SAMSUNG ELECTRONICS CO., LTD.,*
20     Telephone: 206-516-3880                        *SAMSUNG ELECTRONICS AMERICA,*
       Facsimile: 206-516-3883                        *INC.*
21     pbageant@susmangodfrey.com

22     *Attorneys for Plaintiff*
       *AMERICAN NAVIGATION SYSTEMS, INC.*

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
                                                                           NO. 3:14-CV-05298-JST

1

**ATTORNEY ATTESTATION**

2          Pursuant to Civil L.R. 5-1(i)(3), I attest under penalty of perjury that concurrence in the

3    filing of this document has been obtained from each of its signatories.

4

5          Dated: February 25, 2015              By:  _/s/ David Almeling_____
                                                      David Almeling

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
NO. 3:14-CV-05298-JST

1    PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

2

3    Dated:  March 11, 2015

4                                                            Hon. _____

5                                                            United

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
                                                       NO. 3:14-CV-05298-JST

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN NAVIGATION SYSTEMS, INC., <br><br>       Plaintiff, <br><br>   v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, <br><br>       Defendants. | Case No. 3:14-cv-05298-JST <br><br> **APPENDIX A** <br><br> **UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER** |

I, _____, acknowledge and declare that I have received a copy of the Stipulated Protective Order ("Order") in *American Navigations Systems, Inc. v. Samsung Electronics Co., LTD, et al*., United States District Court, Northern District of California, San Francisco Division, Case No. 3:14-cv-05298-JST.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]