| | |
|---|---|
| KALPANA SRINIVASAN (S.B. #237460)<br>SUSMAN GODFREY L.L.P.<br>1901 Avenue of the Stars, Suite 950<br>Los Angeles, California 90067-6029<br>Telephone: (310) 789-3100<br>Facsimile: (310) 789-3150<br>ksrinivasan@susmangodfrey.com<br><br>BARRY BARNETT (Pro Hac Vice)<br>SUSMAN GODFREY L.L.P.<br>901 Main Street, Suite 5100<br>Dallas, Texas 75202<br>Telephone: 214-754-1900<br>Facsimile: 214-754-1933<br>bbarnett@susmangodfrey.com | MAX L. TRIBBLE, JR. (Pro Hac Vice)<br>JOSEPH S. GRINSTEIN (Pro Hac Vice)<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana, Suite 5100<br>Houston, Texas 77002<br>Telephone: 713-651-9366<br>Facsimile: 713-654-6666<br>mtribble@susmangodfrey.com<br>jgrinstein@susmangodfrey.com<br><br>PATRICK C. BAGEANT (Pro Hac Vice)<br>SUSMAN GODFREY L.L.P.<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101-3000<br>Telephone: 206-516-3880<br>Facsimile: 206-516-3883<br>pbageant@susmangodfrey.com |

Attorneys for Plaintiff
AMERICAN NAVIGATION SYSTEMS, INC.

*[Additional Counsel listed on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN NAVIGATION SYSTEMS, INC.,<br><br>             Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,<br><br>             Defendants. | Case No. 3:14-cv-05298-JST<br><br>**STIPULATION & ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION** |

Upon the stipulation of the parties, the Court ORDERS as follows:

1.     This Order supplements all other discovery rules and orders.  It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2.     This Order may be modified in the Court's discretion or by stipulation. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 Conference.

3.     As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26.  Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

4.     A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5.     The parties are expected to comply with the District's E-Discovery Guidelines ("Guidelines") and are encouraged to employ the District's Model Stipulated Order Re: the Discovery of Electronically Stored Information and Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored Information.

6.     General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email").  To obtain email parties must propound specific email production requests.

7.     Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8.     Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances.  While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9.     Email production requests shall identify the custodian, search terms, and time

1  frame. The parties shall cooperate to identify the proper custodians, proper search terms and
2  proper timeframe as set forth in the Guidelines.

3        10.    Each requesting party shall limit its email production requests to a total of five
4  custodians per producing party for all such requests. The parties may jointly agree to modify this
5  limit without the Court's leave. The Court shall consider contested requests for additional
6  custodians upon showing a distinct need based on the size, complexity, and issues of this specific
7  case. Cost-shifting may be considered as part of any such request.

8        11.    Each requesting party shall limit its email production requests to a total of ten
9  search terms per custodian per party. The parties may jointly agree to modify this limit without
10  the Court's leave. The Court shall consider contested requests for additional search terms per
11  custodian, upon showing a distinct need based on the size, complexity, and issues of this specific
12  case. The Court encourages the parties to confer on a process to test the efficacy of the search
13  terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms,
14  such as the producing company's name or its product name, are inappropriate unless combined
15  with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive
16  combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and
17  shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*,
18  "computer" or "system") broadens the search, and thus each word or phrase shall count as a
19  separate search term unless they are variants of the same word. Use of narrowing search criteria
20  (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when
21  determining whether to shift costs for disproportionate discovery. Should a party serve email
22  production requests with search terms beyond the limits agreed to by the parties or granted by the
23  Court pursuant to this paragraph, this shall be considered in determining whether any party shall
24  bear all reasonable costs caused by such additional discovery.

25        12.    Nothing in this Order prevents the parties from agreeing to use technology assisted
26  review and other techniques insofar as their use improves the efficacy of discovery. Such topics
27  should be discussed pursuant to the District's E-Discovery Guidelines.

28

1    **IT IS SO STIPULATED**, through Counsel of Record.

2

3

4  Dated:   March 10, 2015                                Dated:   March 10, 2015

5  By:  /s/ Patrick C. Bageant                            By:   /s/ David Almeling
    KALPANA SRINIVASAN (S.B. #237460)                     MICHAEL K. PLIMACK (S.B. #133869)
6   SUSMAN GODFREY L.L.P.                                 mplimack@cov.com
    1901 Avenue of the Stars, Suite 950                   CHRISTINE S. HASKETT (S.B. #188053)
7   Los Angeles, California 90067-6029                    chaskett@cov.com
    Telephone: (310) 789-3100                             COVINGTON & BURLING LLP
8   Facsimile: (310) 789-3150                             One Front Street
    ksrinivasan@susmangodfrey.com                         San Francisco, CA 94111
9                                                         Ph: (415) 591-6000
    BARRY BARNETT (Pro Hac Vice)                          Fax: (415) 591-6091
10  SUSMAN GODFREY L.L.P.
    901 Main Street, Suite 5100                           DARIN W. SNYDER (S.B. #136003)
11  Dallas, Texas 75202                                   dsnyder@omm.com
    Telephone: 214-754-1900                               DAVID ALMELING (S.B. #235449)
12  Facsimile: 214-754-1933                               dalmeling@omm.com
    bbarnett@susmangodfrey.com                            MARK LIANG (S.B. #278487)
13                                                        mliang@omm.com
    MAX L. TRIBBLE, JR. (Pro Hac Vice)                    O'MELVENY & MYERS LLP
14  JOSEPH S. GRINSTEIN (Pro Hac Vice)                    Two Embarcadero Center, 28th Floor
    SUSMAN GODFREY L.L.P.                                 San Francisco, California  94111-3823
15  1000 Louisiana, Suite 5100                            Tel: (415) 984-8700  Fax: (415) 984-8701
    Houston, Texas 77002
16  Telephone: 713-651-9366                               MISHIMA ALAM (S.B. #271621)
    Facsimile: 713-654-6666                               malam@omm.com
17  mtribble@susmangodfrey.com                            O'MELVENY & MYERS LLP
    jgrinstein@susmangodfrey.com                          1625 Eye Street, NW
18                                                        Washington, DC  20006
    PATRICK C. BAGEANT (Pro Hac Vice)                     Tel: (202) 383-5300  Fax: (202) 383-5414
19  SUSMAN GODFREY L.L.P.
    1201 Third Avenue, Suite 3800                         Attorneys for Defendants
20  Seattle, WA 98101-3000                                SAMSUNG ELECTRONICS CO., LTD.,
    Telephone: 206-516-3880                               SAMSUNG ELECTRONICS AMERICA,
21  Facsimile: 206-516-3883                               INC.
    pbageant@susmangodfrey.com
22
    Attorneys for Plaintiff
23  AMERICAN NAVIGATION SYSTEMS, INC.

24

25

26

27

28

                                                                    ORDER REGARDING E-DISCOVERY
                                            - 4 -                    FOR PATENT LITIGATION
                                                                     NO. 3:14-CV-05298-JST

1

**ATTORNEY ATTESTATION**

2   Pursuant to Civil L.R. 5-1(i)(3), I attest under penalty of perjury that concurrence in the

3   filing of this document has been obtained from each of its signatories.

4

5   Dated: March 10, 2015            By: */s/ David Almeling*
                                           David Almeling

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **IT IS ORDERED** that the foregoing Agreement is approved.

3    Dated:  March 11, 2015

_____
Honorable Jon S. Tigar
United States District Judge

*IT IS SO ORDERED*
*Judge Jon S. Tigar*